UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 22-1813 FMO | Date | November 16, 2022 |
|---|---|---|---|
| Title | In Re Lawrence Remsen and Alicia Marie Richards | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On October 5, 2022, Alicia Marie Richards ("Richards") and Lawrence Remsen ("Remsen") (collectively, "appellants") appealed the bankruptcy court's order granting the Chapter 7 Trustee Richard Marshack's Emergency Motion for Remand of State Court Marital Dissolution Proceeding ("Remand Order"). (See Dkt. 1, Notice of Appeal and Statement of Election); (id., Remand Order). The bankruptcy court explained that it was "the second order remanding the same legal proceeding pending in the family law division of the Superior Court for the County of Orange ('State Court Marital Dissolution Proceeding') issued by [the bankruptcy court] in the past fourteen (14) days." (Id., Remand Order at 2). Among other things, the court noted that "[t]he subject notice of removal . . . was filed by Debtor[ Richard's] father, Lawrence Remsen," and that "Remsen is not a party to [the State Court Marital Dissolution Proceeding] proceedings and may not remove the action to federal court." (Id.).

In general, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d); see Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129, 116 S.Ct. 494, 497 (1995) ("If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d)[.]"). Here, the bankruptcy court remanded the state court action in part because "Remsen was not permitted to remove this proceeding in the first instance[,]" as he is not a party to the underlying State Court Marital Dissolution Proceeding. (Dkt. 1, Remand Order at 4). Accordingly, the court questions whether it has jurisdiction to review the Remand Order.

Based on the foregoing, IT IS ORDERED THAT no later than **November 28, 2022**, appellants shall file a Response to this Order to Show Cause, not to exceed five (5) pages, addressing why this action should not be dismissed for lack of subject matter jurisdiction. Failure to file the Response by the deadline set forth above shall result in the action being dismissed without prejudice for lack of subject matter jurisdiction, failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | gga |